1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5     HOWARD B. ACKERMAN,                    )
                                             )
6                  Petitioner,               )          2:10-CV-01088-GMN-LRL
                                             )
7     vs.                                    )
                                             )          **ORDER**
8     DIRECTOR HOWARD SKOLNICK, *et al.,*    )
                                             )
9                  Respondents.              )
                                             )
10    _____/

11          This is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner,

12    a state prisoner, is proceeding with representation of counsel.    On July 2, 2010, Petitioner filed his

13    Petition with the Court (ECF No. 1).  On November 12, 2010, Respondents filed a Motion to Dismiss

14    (ECF No. 8).  On December 29, 2010, Petitioner moved for leave to file an Amended Petition (ECF No.

15    16).  Respondents filed a Response to this Motion stating that they did not oppose the amendment. (ECF

16    No. 18.)  The Court has not yet ruled on this Motion.  Petitioner now moves the Court a second time for

17    leave to file an Amended Petition (ECF No. 19).  Respondents have opposed the Motion (ECF No. 20),

18    and Petitioner has replied (ECF No. 23).

19          Petitioner seeks to amend his Petition so that he can clarify and expand the factual basis

20    supporting his grounds for relief.  Respondents argue that Petitioner fails to show that justice requires

21    allowing the amendment.

22          Under 28 U.S.C. § 2254 R. 11, the Federal Rules of Civil Procedure are applicable to habeas

23    petitions to the extent they are not inconsistent with the Habeas Rules.  *Morrison v. Mahoney*, 399 F.3d

24    1042, 1046 n. 5 (9th Cir. 2005).  A party may amend its pleading at any time during a proceeding either

25    with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2).  "The court

26    should freely give leave when justice so requires."  *Id*.  In considering whether to grant or deny leave

to amend, a court may "take into consideration such factors as 'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

In this case, it does not appear that Petitioner seeks leave to amend in bad faith or with undue delay. Additionally, Petitioner has not previously filed an amended pleading and the prejudice to Respondents is minimal. Accordingly, the Court grants Petitioner leave to file an Amended Petition. Because Respondents' motion to dismiss is predicated on the earlier filed petition, the Court denies the motion without prejudice so that Respondents may bring a subsequent motion to dismiss based on the amended petition if they so choose.

**IT IS THEREFORE ORDERED** that Petitioner's Second Motion for Leave to File an Amended Petition (ECF No. 19) is **GRANTED**. The Clerk shall **DETACH and FILE** the Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner's First Motion for Leave to File an Amended Petition (ECF No. 16) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 8) is **DENIED without prejudice**. Respondents shall have thirty (30) days from the date of service of this Order to file their answer or other response to the Amended Petition for Writ of Habeas Corpus.

DATED this 28th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge

2