UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOWARD B. ACKERMAN,            )
                               )
           Petitioner,         )      2:10-cv-01088-GMN-GWF
                               )
vs.                            )
                               )      **ORDER**
DIRECTOR HOWARD SKOLNICK, *et al.,* )
                               )
           Respondents.        )
                               )
_____/

This is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner, a state prisoner, is proceeding with representation of counsel. Before the court is Respondents' Motion to Dismiss. (ECF No. 27.) Petitioner has opposed the Motion. (ECF No. 30.) After a thorough review, the court grants the Motion in part and denies the Motion in part.

**I.    Procedural History and Background**

On December 29, 2003, the State of Nevada filed an information in the Eighth Judicial District Court for the State of the Nevada ("District Court") charging Petitioner, Howard B. Ackerman with one count of second degree kidnapping, two counts of first degree kidnapping, and one count of attempted sexual assault. (Exhibits to Mot. to Dismiss Ex. 2, ECF No. 9.)[1] After a jury trial, the jury returned a verdict finding Petitioner guilty of one count of first degree kidnapping. (*Id*. Ex. 13.) The District Court sentenced Petitioner to life with the possibility of parole after five years and issued its judgment of conviction on August 8, 2005. (*Id*. Ex. 18.) Petitioner appealed. (*Id*. Ex. 19.) On October 17, 2006, the Nevada Supreme Court affirmed Petitioner's convictions. (*Id*. Ex. 23.)

On April 12, 2007, Petitioner filed a supplemental post-conviction petition in District Court. (*Id*. Ex. 23.) Subsequently, Petitioner filed an amended post-conviction petition, a second amended post-

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 9-12.

conviction petition, and a third amended post-conviction petition. (*Id*. Exs. 27, 29, 30.) After holding an evidentiary hearing, the District Court denied post-conviction relief on January 7, 2009. (*Id*. Ex. 36.) Petitioner appealed the denial to the Nevada Supreme Court. (*Id*. Ex. 37.) On May 6, 2010, the Nevada Supreme Court affirmed the District Court's decision. (*Id*. Ex. 41.)

Petitioner filed his federal Petition for Writ of Habeas Corpus in this Court on July 2, 2010. (ECF No. 1.) Respondents move to dismiss several grounds in the petition because they are unexhausted.

**II.   Discussion**

　　　　A.  Legal Standard

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each

one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

B.  <u>Ground 1, Subpart 5</u>

In Ground 1, Subpart 5, Petitioner claims that his appellate counsel was ineffective because he failed to challenge the sufficiency of the evidence on direct appeal and failed to argue that the prosecutor engaged in prosecutorial misconduct due to his bias against Petitioner.

Respondents argue that Petitioner did not properly exhaust his claim based on prosecutorial misconduct because he raised it in a procedurally deficient manner. Specifically, Respondents contend that the Nevada Supreme Court refused to address the issue of prosecutorial misconduct because Petitioner raised it for the first time on appeal.

Petitioner asserts that he properly exhausted the issue of prosecutorial misconduct because he raised it at a hearing before the District Court and the issue was addressed in various depositions.

The Court concludes that the prosecutorial misconduct claim in Ground 1, Subpart 5 is unexhausted. Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest

court. *See Castille v. Peoples*, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. *See Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981). Exhaustion cannot be achieved by a procedurally deficient or improper means. *Castille*, 489 U.S. at 351.[2] A state may mandate a particular procedure to be used to the exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). Under Nevada law, a post-conviction claim that is not part of the petition before the district court and not considered by the district court in its order denying the petition will not be considered by the Nevada Supreme Court on appeal. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). In this case, in its order affirming the District Court's denial of post-conviction relief, the Nevada Supreme Court specifically declined to consider several of Petitioner's claims concerning the effectiveness of his appellate counsel, including his prosecutorial misconduct claim, because they were not raised below. (Exhibits to Mot. to Dismiss Ex. 41 at 6 n. 3.) This Court has reviewed the post-conviction petitions presented to the District Court and the District Court's order denying post-conviction relief. Petitioner failed to include his claim that appellate counsel was ineffective for failing to raise the issue of prosecutorial misconduct in any of his state post-conviction petitions. Additionally, such a claim was not addressed by the District Court in its order denying post-conviction relief. Accordingly, because Petitioner failed to properly present this claim to the Nevada Supreme Court in a procedurally proper manner, it is unexhausted.[3]

---

[2] A situation of procedural deficiency is distinguishable from a situation where a claim is presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem while the latter represents a procedural default problem.

[3] Respondents do not specifically argue that Petitioner failed to exhaust his claim concerning appellate counsel's failure to challenge the sufficiency of the evidence. However, to the extent, they seek to dismiss this component of Ground One, Subpart 5, their Motion is denied. Petitioner properly exhausted this claim because it was raised and addressed on appeal to the Nevada Supreme Court from the District Court's denial of post-conviction relief. (Exhibits to Mot. to Dismiss Ex. 41 at 6-7.)

C.  Ground 1, Subpart 7

In Ground 1, Subpart 7, Petitioner claims that the cumulative error that occurred at trial deprived him of a fundamentally fair trial and due process.

Respondents argue that Petitioner failed to raise this claim in state court, and thus, the claim is unexhausted.  In response, Petitioner appears to argue that the claims forming the underlying basis of his cumulative error claim were exhausted, which in turn, exhausted his cumulative error claim.

Petitioner's argument is unpersuasive.  "[A] cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted." *Wooten v. Kirkland*, 540 F.3d. 1019, 1026 (9th Cir. 2008) (citing *Solis v. Garcia*, 219 F.3d 922 (9th Cir. 2000)).  Because Petitioner failed to clearly raise his cumulative error claim with the Nevada Supreme Court, it remains unexhausted.

D.  Ground 3(B)

In Ground 3(B) Petitioner claims that the state committed prosecutorial misconduct when it presented improper res gestae evidence in violation of due process.

Respondents argue that this claim is unexhausted because Petitioner did not argue this legal theory concerning res gestae evidence in state court.  According to Respondents, Petitioner argued that the District Court erred by admitting res gestae evidence, not that the prosecutor committed prosecutorial misconduct by presenting it.

Respondents are correct.  On direct appeal, Petitioner argued that the District Court erred in allowing the state to presented res gestae evidence. (Exhibits to Mot. to Dismiss Ex. 21 at 23-35.) However, Petitioner did not present the legal theory that prosecutorial misconduct occurred upon the offering of this evidence.  Accordingly, Ground 3(B) is unexhausted. [4]

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509,

---

[4] Because the Court concludes that Ground 3(B) is unexhausted, it declines to reach Respondents' argument that Ground 3(B) fails to raise a claim cognizable in a federal habeas corpus.

510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds the ineffective assistance claim concerning the failure to raise prosecutorial misconduct on appeal in Ground 1, Subpart 5; Ground 1, Subpart 7, and Ground 3(B) are unexhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss the Petition (ECF No. 27) is **GRANTED in part, and DENIED in part**, as follows:

1. The Motion to Dismiss the ineffective assistance claim concerning the failure to raise prosecutorial misconduct on appeal in Ground 1, Subpart 5; Ground 1, Subpart 7, and Ground 3(B) as unexhausted is **GRANTED.**

2. The Motion to Dismiss the ineffective assistance claim concerning the failure to raise the sufficiency of the evidence on appeal in Ground 1, Subpart 5 as unexhausted is **DENIED.**

1    **IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal Habeas Petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds, Respondents shall have **thirty (30) days** from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** following service of Respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 5th day of March, 2012.

Gloria M. Navarro
United States District Judge