**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| HOWARD B. ACKERMAN, | ) | Case No.: 2:10-cv-01088-GMN-GWF |
| | ) | |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| DIRECTOR HOWARD SKOLNICK, | ) | |
| CATHERINE CORTEZ-MASTO, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

I.     **INTRODUCTION**

This is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner, a state prisoner, is proceeding with representation of counsel.[1]  Petitioner moves for leave to conduct discovery and for a court order to obtain documents from third parties, (ECF No. 41), and has filed copies of subpoenas that Petitioner served without leave of this Court (ECF Nos. 39 and 40) six (6) weeks prior to the filing of his motion.  Petitioner claims he was unable to obtain the documents requested in these subpoenas because,

> "…Las Vegas Metropolitan Police Department, the Clark County District Court, and the Las Vegas Justice Court have advised that information and documents, specifically unredacted court records and arrest reports, may not be provided to the Petitioner unless a court order is produced with the subpoena.  Furthermore, Ms. Bonnell has a sealed District Court case that Petitioner will not be able to obtain documents from unless the case is unsealed by an order from this honorable court."

(ECF No. 41 at pp. 5-6).  However, despite having filed over 300 pages of exhibits with his

---

[1] On file in this matter is the Second Amended/Supplemental Petition (Petition) (ECF No. 26), Respondents' Answer (ECF No. 36), and Petitioner's Reply to the Answer (ECF No. 37).  Thereafter, Petitioner filed a Notice of Intent to File Supplement to Reply (ECF No. 38), indicating an intent to "provide the court concerning the alleged victim's veracity and credibility." *Id.*

Motion, Petitioner fails to provide any correspondence or Affidavit supporting this assertion, nor does he cite to any legal authority permitting this Court to order the relief requested, compelling third parties to comply with subpoenas served without leave of this Court and without providing notice to these third parties.  Petitioner also filed an additional 82 pages of exhibits with his Supplement (ECF No. 45), which was filed five (5) months later and is also void of legal authority.  While Exhibit 3 does appear to be a response from the Las Vegas Metropolitan Police Department to the Petitioner's subpoena, the letter only advises that the information may not be provided without a notarized authorization for release signed by the individual whose criminal history records are requested. (ECF No. 45, Ex. 3).  There is no mention of a court order.

Respondents oppose the motion as unsupported by good cause as required by Rule 6 of the Rules Governing Section 2254 cases and the Petitioner's failure to meet the four factors in *Bracy v. Gramley*, 520 U.S. 899, 905-08 (1997) to demonstrate good cause. (ECF No. 42.)

## II.    BACKGROUND

On December 29, 2003, the State of Nevada filed an Information in the Eighth Judicial District Court for the State of the Nevada ("District Court") charging Petitioner, Howard B. Ackerman, with one count of second degree kidnapping, two counts of first degree kidnapping, and one count of attempted sexual assault. (Exhibits to Mot. to Dismiss Ex. 2, ECF No. 9-12.) The charges arose from what initially appeared to be a domestic dispute which occurred between January 29, 2003 and January 31, 2003, during which Ackerman was accused of holding his live-in girlfriend against her will in a car, in their shared apartment, including handcuffing her inside a closet at least overnight until she agreed to or was forced to perform fellatio on Petitioner, and then carrying her in a car against her will into California.[2]  After a jury trial, the jury returned a verdict finding Petitioner guilty of Count Three - First Degree Kidnapping and he was sentenced

---

[2] These facts are distilled from the Petition (ECF No. 26, pp. 4-5).  Nothing in this summary is intended to be a finding or factual determination by this Court.  It is of note that Petitioner was arrested, charged and convicted of similar felony charges in California.  See Ground Three of the Petition (pp. 31-36).

to LIFE with the Possibility of Parole after five years and issued its judgment of conviction on August 8, 2005. (*Id.* Ex. 18.)  Petitioner appealed. (*Id.* Ex. 19.)  On October 17, 2006, the Nevada Supreme Court affirmed Petitioner's convictions. (*Id.* Ex. 23.)

On April 12, 2007, Petitioner filed a supplemental post-conviction petition in state court. (*Id.* Ex. 23.)  Subsequently, Petitioner filed an amended post-conviction petition, a second amended post-conviction petition, and a third amended post-conviction petition. (*Id.* Exs. 27, 29, 30.)  After an evidentiary hearing, the state court denied post-conviction relief on January 7, 2009. (*Id.* Ex. 36.)  Petitioner appealed the denial to the Nevada Supreme Court. (*Id.* Ex. 37.)  On May 6, 2010, the Nevada Supreme Court affirmed the denial of the petition. (*Id.* Ex. 41.)

## III.   **DISCUSSION**

### A.   **Legal Standard**

In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing Section 2254 Cases.  Rule 6 provides that discovery in habeas corpus actions may be invoked only after obtaining leave of court and upon a showing of good cause.  Rule 6(a) states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) states:  "A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6, Rules Governing Section 2254 Cases.  "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant.  Rather, discovery is available only in the discretion of the court and for good cause shown . . . ." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997) and Rule 6(a) of the Rules Governing Section 2254 Cases).  The Court instructed:

> "Habeas is an important safeguard whose goal is to correct real and obvious wrongs.  It was never meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence."

1   *Rich*, 187 F.3d at 1067.

2         Accordingly, under *Bracy*, a petitioner may be able to establish "good cause" for discovery

3   even though he posits only a plausible "theory" for relief so long as four factors are satisfied. *Id.*

4   A habeas petitioner will not be granted leave to conduct discovery based on allegations that are

5   purely speculative or without any basis in the record.

6         **B.   Discovery Sought by Petitioner**

7         Petitioner seeks an order from the Court permitting him to depose the kidnapping victim,

8   Kimberly Bonnell, the victim's "handler" and a representative from the Clark County District

9   Attorney's Office with custody of the Bonnell file.  Petitioner also seeks an order from this Court

10  unsealing Ms. Bonnell's criminal records which Petitioner claims are in the custody of third

11  parties:  the Clark County District Court, the Las Vegas Justice Court, and the Las Vegas

12  Metropolitan Police Department.

13        **C.   Analysis**

14        Petitioner claims generally that he requires the discovery requested in order to fully and

15  fairly litigate the constitutional claims in his petition because the state failed to produce evidence

16  which it is constitutionally obligated to produce and because Petitioner's trial counsel failed to

17  "adequate[ly] investigate" and establish the facts Petitioner is seeking to develop at this time.

18  Petitioner argues the discovery will substantiate the claim that Petitioner received ineffective

19  representation at trial and the claim that he was denied due process of law based on prosecutorial

20  misconduct.  More specifically, he argues that the discovery is required to demonstrate the

21  withholding of information demonstrating that his kidnapping victim, Ms. Bonnell, received a

22  benefit from the state for her testimony at trial.

23        Respondents argue that discovery is unwarranted because Petitioner has not shown good

24  cause.  They contend that Petitioner deposed Bonnell prior to the evidentiary hearing.  Testimony

25  contained in the evidentiary hearing transcript (ECF No. 11-7, Motion to Dismiss, Exhibit 31, Part

I, p. 63) does indicate that Ms. Bonnell was "examined" prior to the evidentiary hearing. Respondents also argue that Bonnell's testimony at trial and at the evidentiary hearing justifies denial of the discovery request because Petitioner has had a "full and fair opportunity" to cross-examine her and address the claims he now raises.

Good cause to conduct discovery in a habeas action is based on several factors: (1) the request must be grounded on specific and demonstrable facts; (2) the request must establish a logical and direct nexus between the discovery sought and the claims pending before the court; (3) there must be real and factual evidence that the petitioner can point to in order to establish that the claims in the petition have a basis in fact and are more than mere speculation; and (4) the discovery request must be narrowly tailored to obtain specific and identifiable items. *Bracy v. Gramley*, 520 U.S. at 905-909.

In analyzing whether Petitioner has established good cause for his discovery requests, this court has considered both the allegations and supporting documents submitted with his current motion and the allegations and supporting documents incorporated in his pending habeas petition.

First, the request must be grounded on specific and demonstrable facts. Petitioner fails to specify whether he is seeking evidence that his victim received special treatment for testifying against him during Petitioner's kidnapping trial or whether he believes she had received favorable treatment for testifying against others. Petitioner's theory is speculative and is not grounded on specific and demonstrable facts.

Second, the request for discovery must establish a logical and direct nexus between the discovery sought and the claims pending before the court. The Petition filed by Petitioner in this case raises several claims including claims of ineffective assistance of counsel and claims of denied due process through prosecutorial misconduct for withholding evidence in violation of *Brady / Giglio* of favorable treatment provided to a testifying witness. The discovery request seeks evidence of this previously undisclosed favorable treatment. Therefore, this requirement of

a logical and direct nexus appears to be satisfied.

Third, there must be real and factual evidence that the Petitioner can point to in order to establish that the claims in the petition have a basis in fact and are more than mere speculation.  In the motion, Petitioner asserts that his victim, Ms. Bonnell, "has a lengthy history of criminal activity" but only references a report prepared by his investigator (Ex. 1) which merely lists a misdemeanor conviction from 2001 for Loitering for Prostitution, a 2002 misdemeanor charge for Failure to Change Address which was dismissed, and two cases from May 2003, one of which was sealed (03-C-192279) and the other wherein she successfully completed a two-year program in Drug Court (03-C-C192118) resulting in a dismissal of the felony drug possession charge. Additionally, two civil cases are listed representing Temporary Protective Orders which were granted at the request of Ms. Bonnell against Petitioner in February 2003 and June 2004 for domestic violence.  Petitioner alleges that Ms. Bonnell was involved in an Armed Robbery of Petitioner and his roommate in 2002 but admits she was only cited for Failure to Change Address. Petitioner admits, "The vast majority of the information that Mr. Ackerman has been able to obtain concerns cases in which Kimberly Bonnell was an alleged victim rather than cases in which Kimberly Bonnell was accused of committing crimes." (ECF No. 41 at 5).  Petitioner submits that the reason he cannot locate any other negative information about his victim, is because she "received special treatment in exchange for her cooperation." *Id.*  Petitioner fails to demonstrate that his claims are not speculative.

Finally, the discovery request must be narrowly tailored to obtain specific and identifiable items.  Petitioner's discovery request to depose the "handler," is not adequately specific and narrowly tailored to the issues in this case.  Furthermore, as Respondents argue, Petitioner has had several opportunities to examine Ms. Bonnell – at trial, in a later deposition and again at the post-conviction evidentiary hearing.  Petitioner does not proffer specific questions or identify in any way what other new narrow areas of concerns would be the subject of the requested inquiry.

Thus, Petitioner has not demonstrated good cause for allowing another attempt to obtain testimony from this witness.  In contrast, however, a request to unseal state court docket case number 03-C-192279, and to have this Court conduct an in-camera review of the court case file (and/or the files in the custody of the law enforcement investigating agency or the prosecuting agency) as to whether evidence that Ms. Bonnell received favorable treatment in exchange for her testimony, is contained therein, would be sufficiently narrow and tailored.

In addition, Petitioner's request to depose Ms. Bonnell's handler is insufficiently specific to permit such a deposition.  Petitioner does not identify the "handler" or even define that term for purposes of this motion.  Clarification of that point will be required before such a deposition could be granted.  If Petitioner is able to provide specifics as to the identity of the "handler," a clear explanation of the function of that individual, or can tie this individual or the information he or she might have to the claims in the petition, the Court may reconsider its decision to deny this discovery request.

Both parties address other matters without relating them to the legal issue presented in the discovery request.  Respondents summarize the numerous reasons why the state believes that even if the discovery sought was provided and there existed evidence which was withheld from Petitioner before his trial, that the error would be harmless because Ms. Bonnell was effectively cross-examined at trial about her prior felony drug conviction and other credibility issues.  However, Respondents fail to explain how these arguments are relevant to the four *Bracy* factors.  A petitioner is not necessarily required to plead specific facts entitling him to habeas relief prior to obtaining leave to conduct discovery.

Likewise, Petitioner includes in his discovery motion what appears to be form language claiming the agency prosecuting Petitioner had a history of failing to comply with its duty to disclose exculpatory evidence. (ECF No. 41 at 9-10)  Petitioner lists several old death penalty and murder cases from the prior century and attaches 300+ pages consisting of the court documents

for those cases without explaining how the issues raised in those cases regarding trials dating 1984-87 (*Emil*), 1988 (*Bennett*), 1992 (*Miranda*), 1993 (*Jimenez*), 1999 (*Butler*), etc. are relevant[3] to the *Bracy* factors or to this case.[4]

## IV.    CONCLUSION

The Petitioner's Motion for Leave to Conduct Discovery (ECF No. 41) is hereby **DENIED without prejudice**. Petitioner may file a new motion providing legal authority for the relief requested and briefing the *Bracy* factors or explaining why they are inapplicable in this case.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Status Check (ECF Nos. 44, 46) concerning the status of Petitioner's Motion for Leave to Conduct Discovery (ECF 41) are **DENIED as moot**.

**DATED** this 6th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[3] The Exhibits include a Nevada Supreme Court decision reversing the granting of a new trial based upon their conclusion that the withheld evidence was neither exculpatory nor material, and therefore, did not violate due process under *Brady*.

[4] For example, none of the prosecutors in Petitioner's case appear to be mentioned in the other death penalty cases referenced in the exhibits.